UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ELIZABETH WILHELM, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | Civil Action No._____ |
| v. | ) | |
| | ) | |
| NCO FINANCIAL SYSTEMS INC., | ) | |
| | ) | |
| DEFENDANT. | ) | Jury Demanded |

## COMPLAINT

Plaintiff, Elizabeth Wilhelm, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (FDCPA), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendant's violations of the FDCPA, and alleges:

### JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because parts of the acts and transactions occurred here and Defendant transacts substantial business here.

### PARTIES

3. Plaintiff, Elizabeth Wilhelm (Plaintiff) is a resident of the State of Illinois, from whom Defendant attempted to collect a delinquent consumer debt owed for a Capital One credit card (the alleged debt). Defendant attempted to collect the alleged

debt despite the fact that Plaintiff was represented by counsel, namely The Seideman Law Firm, P.C., located at 11690 Pacific Ave., Suite 110, Fontana, CA 92337.

4. Defendant, NCO Financial Systems, Inc., (NCO) is a Pennsylvania corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts. In fact, NCO was acting as a debt collector, as that term is defined in the FDCPA, as to the alleged delinquent consumer debt it attempted to collect from Plaintiff.

5. NCO maintains a registered agent within the State of Illinois and conducts extensive and substantial business in Illinois. (Exhibit A, Record from Illinois Secretary of State).

6. NCO is licensed as a debt collection agency in the State of Illinois. (Exhibit B, Record from the Illinois Division of Professional Regulation). In fact, Defendant acts as a collection agency in Illinois.

## FACTUAL ALLEGATIONS

7. Plaintiff is a consumer who fell behind on paying her bills, including an alleged debt she incurred, for personal, family, and household purposes, originally for a Capital One credit card account (alleged debt) ending in 2454 and also identified by NCO Account No. NFX220.

8. On or about October 5, 2010, NCO contacted Plaintiff via US Mail for the purpose of collecting the alleged debt from Plaintiff.

9. Plaintiff did not owe the alleged debt in the amount sought to be collected by NCO. On or around October 16, 2010, Plaintiff, through her attorneys at the

Seideman Law Firm, notified NCO via US Mail that Plaintiff was represented by the Seideman Law Firm and requested that NCO cease all attempts to collect the alleged debt from Plaintiff, that NCO direct any and all communication regarding the alleged debt to Plaintiff's attorneys at the Seideman Law Firm, and also requested that NCO verify the alleged debt by providing documents evidencing the existence of the alleged debt. (Exhibit C, October 16, 2010, letter from Plaintiff's counsel to NCO).

10. Despite this notice, on October 25, 2010, at around 11:16 a.m. Central Standard Time (CST), an employee or agent of NCO contacted the Plaintiff directly at Plaintiff's home via telephone, from telephone number 866-285-0417, to attempt collection of the alleged debt. (Exhibit D, Phone Log Affidavit of Elizabeth Wilhelm).

11. The telephone number of 866-285-0417 belongs to, and is used by, NCO to collect consumer debts.

12. On October 25, 2010, at around 11:16 a.m. CST, said NCO agent or employee left a message on Plaintiff's home answering machine at telephone number 815-233-0363, stating that the purpose of the call was to collect a debt owed by Plaintiff to NCO.

13. At around 6:00 p.m. CST on October 25, 2010, an employee or agent of NCO again contacted the Plaintiff directly at her home via telephone, from telephone number 866-285-0417, to attempt collection of the alleged debt. The employee or agent of NCO left a message on Plaintiff's home answering machine at telephone number 815-233-0363, stating that the purpose of the call was to collect a debt owed by Plaintiff to NCO and directing Plaintiff to contact NCO regarding said alleged debt. (see Exhibit D).

3

14. At around 10:05 a.m. CST on October 26, 2010, an employee or agent of NCO contacted Plaintiff directly at Plaintiff's home via telephone, from telephone number 888-830-4301, to attempt collection of the alleged debt. (see Exhibit D).

15. The telephone number of 888-830-4301 belongs to, and is used by, NCO to collect consumer debts.

16. On October 26, 2010, at around 10:05 a.m. CST, said NCO agent or employee left a message on Plaintiff's home answering machine, at telephone number 815-233-0363, stating that the purpose of the call was to collect a debt owed by Plaintiff to NCO and instructing Plaintiff to contact NCO regarding said alleged debt.

17. On October 28, 2010, at around 12:42 p.m. CST, an employee or agent of NCO contacted Plaintiff directly at Plaintiff's home via telephone, from telephone number 866-285-0857, to attempt collection of the alleged debt. (see Exhibit D).

18. The telephone number of 866-285-0857 belongs to, and is used by, NCO to collect consumer debts.

19. On October 28, 2010, at around 12:42 p.m. CST, said NCO agent or employee left a message on Plaintiff's home answering machine, at telephone number 815-233-0363, stating that the purpose of the call was to collect a debt owed by Plaintiff to NCO and instructing Plaintiff to contact NCO regarding said alleged debt.

20. At around 11:35 a.m. CST on October 29, 2010, an employee or agent of NCO again contacted the Plaintiff directly at her home via telephone, from telephone number 888-830-4301, to attempt collection of the alleged debt. The employee or agent of NCO left a message on Plaintiff's home answering machine at telephone number 815-

4

233-0363, stating that the purpose of the call was to collect a debt owed by Plaintiff to NCO and directing Plaintiff to contact NCO regarding said alleged debt. (see Exhibit D).

21. On October 29, 2010, at around 4:53 p.m. CST an employee or agent of NCO again contacted the Plaintiff directly at her home via telephone, from telephone number 866-285-0857, to attempt collection of the alleged debt. The employee or agent of NCO left a message on Plaintiff's home answering machine at telephone number 815-233-0363, stating that the purpose of the call was to collect a debt owed by Plaintiff to NCO and directing Plaintiff to contact NCO regarding said alleged debt. (see Exhibit D).

22. At around 5:34 p.m. CST on November 1, 2010, an employee or agent of NCO again contacted the Plaintiff directly at her home via telephone, from telephone number 866-285-0857, to attempt collection of the alleged debt. The employee or agent of NCO left a message on Plaintiff's home answering machine at telephone number 815-233-0363, stating that the purpose of the call was to collect a debt owed by Plaintiff to NCO and directing Plaintiff to contact NCO regarding said alleged debt. (see Exhibit D).

23. On November 2, 2010, at around 1:44 p.m. CST, an employee or agent of NCO again contacted the Plaintiff directly at her home via telephone, from telephone number 866-285-0417, to attempt collection of the alleged debt. The employee or agent of NCO left a message on Plaintiff's home answering machine at telephone number 815-233-0363, stating that the purpose of the call was to collect a debt owed by Plaintiff to NCO and directing Plaintiff to contact NCO regarding said alleged debt. (see Exhibit D).

24. At around 6:54 p.m. CST on November 2, 2010, an employee or agent of NCO again contacted the Plaintiff directly at her home via telephone, from telephone number 866-285-0417, to attempt collection of the alleged debt. The employee or agent

of NCO left a message on Plaintiff's home answering machine at telephone number 815-233-0363, stating that the purpose of the call was to collect a debt owed by Plaintiff to NCO and directing Plaintiff to contact NCO regarding said alleged debt. (see Exhibit D).

25. On November 3, 2010, at around 11:48 a.m. CST, an employee or agent of NCO again contacted the Plaintiff directly at her home via telephone, from telephone number 866-285-0417, to attempt collection of the alleged debt. The employee or agent of NCO left a message on Plaintiff's home answering machine at telephone number 815-233-0363, stating that the purpose of the call was to collect a debt owed by Plaintiff to NCO and directing Plaintiff to contact NCO regarding said alleged debt. (see Exhibit D).

26. At around 1:41 p.m. CST on November 4, 2010, an employee or agent of NCO again contacted the Plaintiff directly at her home via telephone, from telephone number 866-285-0417, to attempt collection of the alleged debt. The employee or agent of NCO left a message on Plaintiff's home answering machine at telephone number 815-233-0363, stating that the purpose of the call was to collect a debt owed by Plaintiff to NCO and directing Plaintiff to contact NCO regarding said alleged debt. (see Exhibit D).

27. On November 4, 2010, at around 7:10 p.m. CST, an employee or agent of NCO again contacted the Plaintiff directly at her home via telephone, from telephone number 866-285-0417, to attempt collection of the alleged debt. The employee or agent of NCO left a message on Plaintiff's home answering machine at telephone number 815-233-0363, stating that the purpose of the call was to collect a debt owed by Plaintiff to NCO and directing Plaintiff to contact NCO regarding said alleged debt. (see Exhibit D).

28. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, *Gammon v. GC Services, Ltd. Partnership*,

27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I-FAIR DEBT COLLECTION PRACTICES ACT-DEFENDANT NCO FINANCIAL SYSTEMS, INC.

29. Plaintiff re-alleges paragraphs 1-28 as if set forth fully in this count.

30. NCO's violations of the FDCPA include, but are not limited to:

   A. NCO violated §1692c(a)(2) by communicating with Plaintiff after being informed in writing that Plaintiff was represented by counsel, The Seideman Law Firm;

   B. NCO violated §1692c(c) by continuing to communicate directly with the Plaintiff regarding collection of the alleged debt after receiving written notification that the Plaintiff wished the debt collector to cease communication with Plaintiff;

   C. NCO violated §1692d when it harassed the Plaintiff with its repeated direct calls to Plaintiff when at all times, NCO knew Plaintiff was represented by counsel;

   D. NCO violated §1692d(5) when, on a daily basis, it repeatedly caused the Plaintiff's home telephone to ring by placing phone calls to the Plaintiff's home phone regarding the alleged debt with the intent of annoying, abusing, or harassing the Plaintiff;

   E. NCO violated §1692e when it used deceptive means of calling Plaintiff directly to try to have Plaintiff settle the alleged debt directly with NCO, instead of collecting the alleged debt through Plaintiff's counsel as is required by law;

   F. NCO violated §1692e(5) when it threatened to collect on an incorrect debt amount and by threatening to collect on the alleged debt from the Plaintiff directly when legally prohibited from doing so;

   G. NCO violated §1692e(10) when it used deceptive means of calling Plaintiff directly to try to have Plaintiff settle the alleged debt directly with NCO to induce the Plaintiff to give up rights thereby, instead of collecting the alleged debt through Plaintiff's counsel as is required by law;

7

 H. NCO violated §1692f when it used unfair means of calling the Plaintiff directly to try to have Plaintiff settle the alleged debt directly with NCO, to induce the Plaintiff to give up rights thereby, instead of collecting the alleged debt through Plaintiff's counsel as is required by law.

31. As a result of NCO's violations of the FDCPA, Plaintiff has suffered actual damages, including but not limited to emotional distress, fear of answering the telephone, depression, embarrassment when speaking with family members, and feelings of helplessness and is thus entitled to an award of actual damages, statutory damages, costs and reasonable attorney fees. (Exhibit E, Affidavit of Elizabeth Wilhelm).

## REQUEST FOR RELIEF-FDCPA

WHEREFORE, Plaintiff requests that judgment be entered in her favor against the Defendant for the count alleged above for:

 A. Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2);

 B. Actual damages;

 C. Costs and reasonable attorney fees pursuant to 15 U.S.C. 1692k(a)(3); and

 D. Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

Pursuant to 28 U.S.C. § 1746(2), I, _Elizabeth A. Wilhelm_, hereby declare under penalty of perjury that the foregoing statement attached hereto, signed by me, is true and correct.

Dated: 6/8/11

             _Elizabeth A. Wilhelm_
             Elizabeth A. Wilhelm

By: /s/ Matthew P. Prengaman
Matthew P. Prengaman
**The Law Office of Matthew Prengaman**
111 East Wacker Drive, Suite 555
Chicago, Illinois 60601
208.867.4033 (t)
773.672.7400 (f)
mprengaman@gmail.com